IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | | |
|---|---|---|---|
| STEPHEN PRICE, | δ | | |
| | δ | | |
| Plaintiff | δ | | |
| | δ | | |
| v. | δ | CIVIL ACTION NO. _____ | |
| | δ | | |
| J. H. STRAIN & SONS, INC., | δ | | |
| | δ | | |
| Defendant | δ | | |

COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Stephen Price, Plaintiff, complaining of J. H. Strain & Sons, Inc. (hereinafter "JHS").

I.      PARTIES

1. Plaintiff Price is an individual who resides in Abilene, Taylor County, Texas.  JHS is a corporation with offices in Taylor County, Texas.

II.      JURISDICTION AND VENUE

2. Subject Matter jurisdiction over JHS lies under 28 U.S.C. δ 1331 (federal question jurisdiction) because Price will assert causes of action based on federal law.  *In personum* jurisdiction lies over JHS because it does business in Texas.  Venue is proper in the Abilene Division of the Northern District of Texas pursuant to δ 1391 (b) (i) in that this case is being filed in a district and division where the JHS resides.

III.      SERVICE OF PROCESS

3. JHS may be served by delivering a copy hereof, together with an appropriate summons to the registered agent of JHS, James H. Strain, 814 Scott Street, Tye, Texas 79563.

## IV.     FACTS

4. Plaintiff Price was a roller operator for JHS until he was wrongfully terminated in February, 2022. Terry Reanch, Plaintiff's superintendent, gave only specious reasons for the termination. The actual reason for the termination was that agents of JHS were retaliating against Price for complaining about another JHS agent, Sam Stewart, for sexual harassment and other outrageous behavior to JHS management. There is a causal connection between the complaint and the detrimental actions taken by JHS, that is, the wrongful termination. Price reported this outrageous behavior to JHS management. JHS management, though duly informed of this misconduct, took no action to stop it, thereby ratifying that misconduct and adopting it as its own. Price had worked at JHS for two years with consistently good reviews until very near of his employment there, when agents of JHS began to build their spurious case against him. Price has received his EEOC "right to sue" notice, and thus, this suit is timely. JHS is liable for all of the above conduct of its agents pursuant to the doctrine of *respondeat superior.* Price is also disabled. He has post traumatic stress disorder. Thus, he is a member of two protected classes: (1) a victim of retaliation; and (2) a person with a disability.

## V.   CAUSES OF ACTION

5. Price hereby restates the allegations above. The conduct of JHS, through its subordinates constitutes a violation of the Civil Rights Act of 1964, 42 U.S.C. δ 2000e, et. seq., as well as the Americans with Disability Act of 1990, 42 U.S.C. δ 12101.

## VI.    COMPENSATORY DAMAGES

6. Price has suffered two types of compensatory damages: (1) back pay; and (2) emotional distress, mental anguish, and reduced ability to enjoy life.  The back pay is $70,000.  The second type of damages is inherently liquidated.  However, because the conduct of JHS caused Price's PTSD to be worse and even led him to attempt suicide twice, he reasonably expects this sort of damages to be at least $300,000.  Price requests judgment for same.

## VII.    EXEMPLARY DAMAGES

7. Because the conduct of JHS and its agents was malicious and intentional, Price will be entitled to an award of exemplary damages.  Price requests judgment for the maximum amount of exemplary damages permitted by Tex. Civ. Prac. & Rem. Code, $\delta$ 41.008.

## VIII.    ATTORNEYS' FEES

8. Pursuant to the federal statutes cited above, Price will be entitled to an award of attorneys' fees.  These are estimated to be $60,000 through the jury trial; another $60,000 in the event of an appeal to the Court of Appeals; and an additional $60,000 in the event review is sought in the Supreme Court of the United States.  Price requests judgment for same.

## PRAYER

9. Price requests judgment for (1) his compensatory damages requested above; (2) his exemplary damages requested above; (3) all court awarded attorneys' fees requested hereinabove; (4) costs of court; (5) such pre-judgment and post-judgment interest as are allowable by law; and (6) such other and further relief, whether general or special, at law of in equity, as to which he may show himself to be justly entitled.

Respectfully submitted,

By /s/Dan S. Boyd
Dan S. Boyd
State Bar No. 02765500
BOYD & STAPLETON
P.O. Box 3183
Texarkana, Texas 75504
dan@boydstap.com
Tel.     (214)478-0152
Fax:    (214)481-1878
Web    www.boydstap.com

JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Price demands trial by jury on all factually triable issues.